ABNER B. ROGERS *et al. vs.* ELLA M. ROGERS *et als.*

Equity will not take cognizance of a bill to enjoin mortgagees from proceeding under the powers contained in the mortgages, when the only issue made by the bill is one purely legal, *e. g.*, as in the case at bar, a question of heirship of and title to the realty mortgaged.

The mere assertion of a false claim of legal right is not enough to give jurisdiction to equity. There must be some outside or collateral fraud affecting equitable interests, or calling for equitable relief.

BILL IN EQUITY for an injunction.

*February* 13, 1892. STINESS, J. The bill sets out that Henry T. Rogers died in Providence, intestate, March 18, 1886, possessed of real estate with buildings thereon; that the complainants, his

brother and two sisters, were his next of kin and heirs, and as such are owners of said real estate; that the respondent, Ella M. Rogers, falsely and fraudulently claims to be the widow of said decedent; that, to defraud the complainants of their rights in this estate, said Ella M. Rogers procured an infant from a lying-in hospital, whom she named Henrietta T. Rogers, and now claims to have given birth to said infant in lawful wedlock with said Henry T. Rogers, and that said child is now his sole heir; that said Ella has been appointed guardian of the person and estate of said child, and has received authority from the Municipal Court to raise money on said estate by mortgages, under which she has executed three mortgages amounting to six thousand dollars; that the tenants of the property refuse to pay rent to the complainants, or to any other person, denying the complainants' title thereto, and declaring that they are ignorant of the rightful ownership thereof. The bill prays for an injunction against any proceedings on the part of the mortgagees to enforce their mortgages, and for general relief.

The bill was brought against the mortgagees and Ella M. and Henrietta T. Rogers, but was dismissed as to Ella M. Rogers upon her plea that as between herself and the complainants the fact that the complainants were not the heirs of Henry T. Rogers had, in a previous proceeding for setting off dower, become *res adjudicata.* The guardian *ad litem* of Henrietta T. Rogers, submitting her rights to the care and protection of the court, suggests whether such a case is stated as entitles the complainants to a decree, and moves to dismiss the bill upon the ground that it seeks to try a question of title in equity.

It is evident from the bill itself that the decisive, if not the sole, issue must be that of the complainants' title to the property. If they are not the owners, by reason of being the heirs of Henry T. Rogers, it is no concern of theirs whether the mortgages are valid or not. They stand only as strangers to the property unless they can establish their title, and as strangers they have no right to maintain a suit in regard to it. They do not allege that they are in possession of the property, but expressly allege that it is held adversely to them by the tenants in possession, who deny their title thereto. While the bill does, indeed, aver that they are the

owners, as heirs of Henry T. Rogers, it also plainly discloses the fact that their claim is disputed under the assertion that Henrietta T. Rogers is the heir, enforced by legal proceedings which thus far have recognized the latter relationship.

The decisive question, then, as made by the bill, is one of heirship and title. The substantial effect of the bill is to recover possession of property by determining the title. Can such an issue be tried and determined in a suit in equity?

There can be no question that an action of ejectment is the ordinary, proper, and adequate remedy for settling a disputed title, and that courts of equity are not instituted to try issues that may be determined at law. Incidentally it may become necessary to do so when the legal question is involved with one of purely equitable jurisdiction; but where the substantial issue is within the purview of legal remedies, a court of equity will not entertain it. This is peculiarly true of questions of title. Thus in *Sprague* v. *Rhodes*, 6 R. I. 56, the court refused to retain a bill to abate a dam until the complainant's title had been established at law. In *Clark* v. *City of Providence*, 10 R. I. 437, an injunction was refused, provided the city would stipulate to proceed with reasonable dispatch to settle whether the land in question was a public highway. So in *Conyers* v. *Davis*, 11 R. I. 527, a suit for partition, it was held that the complainant must first establish his disputed title at law. In *Bailey* v. *Burges*, 11 R. I. 330, it was held that a disputed title could not be settled in a trustee's bill for instructions. In *Chace* v. *Durfee*, 16 R. I. 248, it was held that the court could not determine the validity of a tax title in a bill to redeem. In *Lewis* v. *Cocks*, 23 Wall. 466, the court says: " It is the universal practice of courts of equity to dismiss the bill if it be grounded on a merely legal title." But the complainants contend that a court of equity has jurisdiction of this case by reason of the allegation of fraud. It is to be observed that the allegation of fraud relates only to Ella M. Rogers, who is not now a party to the bill. If there has been fraud, it does not appear that the child or the mortgagees were actors in it. But assuming that they are chargeable with it, since it attaches to the title under which they claim, we do not think it is sufficient to transfer the jurisdiction in this case from law to equity. A court of equity does not take cog-

.nizance of all cases of fraud. It must relate to some equitable interest, or call for some equitable relief. If it relates only to a legal right and remedy, it must be passed upon at law. Pomeroy Equity Juris. §§ 176, 177, 914. To come more closely to the point of this case, the language of Durfee, C. J., in *Furbush* v. *Collingwood*, 13 R. I. 720, is appropriate: " We apprehend that what is meant by fraud, as a ground for enjoining or setting aside a judgment, is not mere falsity of claim or proof, but fraud outside of them, perpetrated by some artifice or contrivance of the party or person benefited, or by some collusion of both parties, whereby in the course of the trial or in entering judgment the injured party or the court has been imposed upon, or betrayed into inattention and deceived." That doctrine is applicable to the case before us, and points out a line of demarcation between cases of fraud cognizable at law and in equity. Here the fraud set up is the falsity of the claim that Henrietta T. Rogers is the heir of Henry T. Rogers, which would be the gist of an action at law. It is the fundamental criterion of the rights of the parties. The mere assertion of a false claim of legal right is not enough to give jurisdiction to a court of equity; but to do this there must be some outside or collateral fraud, affecting some equitable interest or calling for some equitable relief. Another class of cases in which fraud is held to give jurisdiction in equity may be found in *Belcher* v. *Arnold*, 14 R. I. 613, on which the complainants strongly rely. There it was held that a purchaser at an execution sale may come into equity to set aside the conveyance of a debtor made in fraud of creditors, the remedy in equity being concurrent with the remedy at law. By reference to the previous case of *Beckwith* v. *Burrough*, 14 R. I. 366, referred to in the opinion, it appears that the ground upon which the court proceeded is this. A judgment creditor could bring his suit in equity, after levy and before sale, in aid of his execution, to set aside a fraudulent transfer; but if the transfer be fraudulent, the debtor and transferee are to blame for it, and the same right should be extended to the purchaser after sale. The right to bring the former suit is unquestionable, since it could only be brought in equity. The subject-matter of the suit being of equitable jurisdiction, the court holds that it is not lost by seeking the same remedy after the sale, although by reason of the sale the purchaser might also have a remedy at law.

In such a case the execution of a judgment is sought to be defeated by a fraudulent contrivance. The deed, which is good between the parties, is an artifice to hinder and defraud creditors in their attempt to collect their debts out of the debtor's property, and it is no new law to ask a court of equity to brush aside a deed like that. But that is a very different thing from asking a court of equity to determine a pure question of legal title. But the complainants further say they ask for equitable relief in this case.

The prayer for an injunction against the mortgagees is not enough to sustain jurisdiction in equity, for the right to ask this relief depends upon the truth or falsity of the claim of right under which the mortgages were made, and this is the main, and not simply an incidental, issue of the bill. This would be the decisive issue in an action at law. It would settle the question of title and rights of the parties; and the complainants, if successful, would need no relief against mortgages which would be mere nullities, although it might be given to remove a cloud upon their title. *Linnell* v. *Battey, ante, p.* 241. But, basing their bill upon no fraud, other than the falsity of an adverse claim of title, which is a question triable at law, and not being entitled to ask for equitable relief until they have established their disputed title at law, we think the bill has no standing in a court of equity, and must therefore be dismissed.

*Herbert B. Wood & William Fitch,* for complainants.

*George B. Barrows & Walter F. Angell,* for respondents.