## LEWIS v. COCKS.

1. A bill in equity is not the proper means to recover possession of land, there being no fraud in the case, nor other matter specially the subject of equitable cognizance, and a party cannot by any colorable suggestion of fraud, account, &c., use such a bill in place of the common-law remedy of ejectment. The court will look at the proofs, and if there be no proof at all of the matters which would make a proper case for equity it will disregard them, and look at the bill simply in its aspect of one to recover land of which the complainant is out of possession.
2. If the bill be clearly one of the sort above spoken of it is the duty of the court *suâ sponte*, and though there be no demurrer, plea, or answer setting it up, to recognize the fact and give to it effect.

APPEAL from the Circuit Court for Louisiana.

In March, 1863, Anderson, alleging himself to be a creditor to the extent of $8840 of one Cocks, filed a petition in the "Provisional Court of New Orleans"—a court established by proclamation of President Lincoln during the rebellion (while New Orleans was occupied by the troops of the United States), and of which a full account is given in preceding cases*—that Cocks, then absent from the State,

---

* The Grapeshot, 9 Wallace, 129; Handlin v. Wickliffe, 12 Id. 173; Pennewet v. Eaton, 15 Id. 382; Mechanics', &c., Bank v. Union Bank, 21 Id. 278.

and a certain Hyllested, who the petition alleged was the proper agent of Cocks in the matter of a proceeding like the one embraced by the petition, might be cited to appear, and after proceedings had, be condemned to pay the amount for which Anderson, as already said, alleged himself to be a creditor.

The Provisional Court gave judgment by default for Anderson, and execution having issued, two houses and lots, the property of Cocks, were sold to a certain Izard, to whom possession, which he still had, was delivered by the marshal of the court.

Hereupon—Anderson having died and administration having been granted on his estate—the rebellion also being ended and the regular courts of the United States re-established—Cocks filed, A.D. 1866, a bill in equity in the court below against Izard, praying that the defendant might be decreed to execute in favor of the complainant a deed for the property on receiving the price paid by the defendant for the same.

The relief was prayed for on the grounds—

1. That the Provisional Court was a nullity and its judgment against Cocks void.

2. That no service of process had been made upon Cocks; that no sufficient service had been made upon Hyllested, the agent of Cocks, and that Hyllested was not such an agent as that valid service *could* be made upon him.

3. That Izard was guilty of a gross fraud touching the sale of the property by the marshal; that he professed to be the friend of Cocks, and to intend to buy in the property for him; that he thus deterred others from bidding and himself bought the property at a sacrifice; that subsequently he acknowledged to Cocks his fiduciary relation to the property, and expressed a willingness to surrender it, but that finally his cupidity got the better of his integrity, and impelled him to deny that Cocks had any right whatever to the property, and that he now claimed it as his own.

The bill tendered back the purchase-money paid to Izard with interest.

Izard answered and denied all the material allegations of the bill. He also set up that he had mortgaged the property to Lewis; that it had been seized and sold under that mortgage; that Lewis became the purchaser, and that his, Izard's, entire title had thus become divested out of him and vested in Lewis.

Lewis also answered, setting up the same facts as to his title as had been stated by Cocks, and making the same denials as to the averments of the bill. He was accordingly substituted as defendant.

On the hearing, the great weight of evidence appeared to show that the fraud alleged against Izard had not been committed by him.

The Circuit Court, however, decreed in favor of the complainant, and Lewis took this appeal.

*Mr. P. Phillips, for the appellant,* after observing that the question as to the constitutionality of the Provisional Court was not longer open, contended that the case was nothing more in fact than a claim by a man out of possession (the complainant) for real estate of which another man (the defendant) was in possession; that to establish such a claim ejectment (which this proceeding was not) was the proper remedy, and a bill in equity (which this proceeding was) an improper one. That even if proper service had been made the bill was demurrable, and that therefore the question of service was of no importance. It might be admitted to have been well made, still the bill should have been dismissed.

*Mr. Conway Robinson, contra,* submitted that if fraud were disproved, a question of account growing out of the matter of purchase-money was still involved—in addition to the demand for the land—making equitable relief the most convenient and complete relief; that, at all events, the objection not having been profited of by demurrer or other proper pleading, could not now be taken advantage of. He also went into a quotation and examination of the Code of Louisiana to show the insufficiency of the service.

Mr. Justice SWAYNE delivered the opinion of the court.

The question of the validity of the Provisional Court is not an open one. We have held it valid upon more than one occasion when the question has been before us.*

The fraud charged upon Izard is expressly denied by his answer and is not sustained by the evidence. There is a decided preponderance against it. We are unanimous upon the point. It could serve no useful purpose to examine the proofs in detail in order to vindicate our judgment. Nothing further need be said upon the subject.

The remaining part of the case is that which relates to the allegations of the non-service of process.

In considering the bill, we must regard it as being just as it would be if it contained nothing but what relates to this subject. Everything else must be laid out of view. It must be borne in mind that the complainant is not in possession of the property.

If the bill alleged only the nullity of the judgment, under which the premises were sold, by reason of the non-service of the original process in the suit, wherefore the defendant had no day in court, and judgment was rendered against him by default, and upon those grounds had asked a court of equity to pronounce the sale void, and to take the possession of the property from Izard and give it to the complainant, could such a bill be sustained? Such is the case in hand. There is nothing further left of it, and there is nothing else before us. Viewed in this light, it seems to us to be an action of ejectment in the form of a bill in chancery. According to the bill, excluding what relates to the alleged fraud, there is a plain and adequate remedy at law, and the case is one peculiarly of the character where, for that reason, a court of equity will not interpose. This principle in the English equity jurisprudence is as old as the earliest period in its recorded history.†

---

* The Grapeshot, 9 Wallace, 129.

† Spence's Jurisdiction of Courts of Chancery, 408, note b; Id. 420, note a.

The sixteenth section of the Judiciary Act of 1789,* enacting "that suits in equity shall not be sustained in either of the courts of the United States in any case where plain, adequate, and complete remedy may be had at law," is merely declaratory and made no change in the pre-existing law.

To bar equitable relief the legal remedy must be equally effectual with the equitable remedy, as to all the rights of the complainant. Where the remedy at law is not "as practical and efficient to the ends of justice and its prompt administration," the aid of equity may be invoked, but if, on the other hand, "it is plain, adequate, and complete" it must be pursued.†

In the present case the objection was not made by demurrer, plea, or answer, nor was it suggested by counsel, nevertheless if it clearly exists it is the duty of the court *suâ sponte* to recognize it and give it effect.‡

It is the universal practice of courts of equity to dismiss the bill if it be grounded upon a merely legal title. In such case the adverse party has a constitutional right to a trial by jury.§

Where the complainant had recovered a judgment at law and execution had issued and been levied upon personal property, and the claimant, under a deed of trust, had replevied the property from the hands of the marshal, and the judgment creditor filed his bill praying that the property might be sold for the satisfaction of his judgment, this court held that there was a plain remedy at law; that the marshal might have sued in trespass, or have applied to the Circuit Court for an attachment, and that the bill must therefore be dismissed.‖

In the present case the bill seeks to enforce "a merely legal title." An action of ejectment is an adequate remedy.

---

* 1 Stat. at Large, 82.          † Boyce *v.* Grundy, 3 Peters, 215.

‡ Hipp et al. *v.* Babin et al., 19 Howard, 278; Baker *v.* Biddle, Baldwin, 416.

§ Hipp et al. *v.* Babin et al., 19 Howard, 278.

‖ Knox et al. *v.* Smith et al., 4 Howard, 298.

The questions touching the service of the process can be better tried at law than in equity.  If it be desired to have any rulings of the court below brought to this court for review, they can be better presented by bills of exception and a writ of error than by depositions and other testimony and an appeal in equity.

There is another important point, which we have not overlooked.  It is whether the judgment of the Provisional Court can be pronounced a nullity without the legal representative of Anderson, the deceased plaintiff, being before the court as a party.  As the first objection is a fatal one we have not considered that question.

DECREE REVERSED, and the case remanded with directions

TO DISMISS THE BILL.