## HURT *v.* HOLLINGSWORTH.

In the courts of the United States, the union of equitable and legal causes of action in one suit is forbidden by the second section of the Process Act of May 8, 1792 (1 Stat. 276), which is substantially re-enacted in sect. 913, Rev. Stat. *So held*, in a case removed, under the act of Congress, to the Circuit Court from a court of Texas, where such a union is, by the laws of that State, allowed.

ERROR to the Circuit Court of the United States for the Eastern District of Texas.

The facts are stated in the opinion of the court.

*Mr. Philip Phillips* and *Mr. W. Hallett Phillips* for the plaintiff in error.

*Mr. James Lowndes, contra.*

MR. JUSTICE FIELD delivered the opinion of the court.

This suit was brought by the plaintiff in a district court of Texas to quiet his title to certain real property situated in Galveston, in that State. On application of the defendant it was removed to the Circuit Court of the United States.

The petition, which is the first pleading in a suit according to the practice which obtains in Texas, sets forth that the plaintiff is the owner of the premises ; that he purchased them of one Molsberger and wife, in June, 1874 ; that those parties acquired them in December, 1865, and had subsequently, until the sale to the plaintiff, claimed and held them as a homestead ; that in April, 1867, certain parties designated as Marsh, Denman, & Co. recovered judgment against Molsberger in the County Court of Galveston on a debt contracted in 1866, while the premises constituted the homestead of himself and family ; and in October, 1873, under an execution issued thereon, the premises were sold by the sheriff of the county for the sum of $30 to the defendant, Hollingsworth, one of the members of that firm, and to him the sheriff executed a deed of the premises, which has been recorded in the county.

The petition avers that this deed is a cloud upon the title of the plaintiff, and prays that the cloud may be removed and his title quieted. The defendant filed in the Circuit Court an

answer to this petition, in which he admits that the plaintiff was in possession of the premises, and had obtained a deed of them from Molsberger and wife, who had purchased them in 1865, but denies that they constituted a homestead of Molsberger and family continuously from that time until the alleged sale to the plaintiff, or that they were such homestead when the sale was made by the sheriff to him.

The answer then avers that the defendant became the owner of the premises by his purchase; that the plaintiff wrongfully withholds the possession from him, and the rents and profits, which are of the value of $75 a month. He therefore prays that the title may be declared to be in him, and that he may have judgment for the possession of the premises and the value of the rents.

These pleadings were subsequently amended so as to show the value of the property and the amount of its rents, and in some other particulars not material to the question now presented.

The case was considered by counsel and treated by the court as an action at law, and by stipulation made at the December Term of 1875 the parties waived a jury trial and submitted "the matters therein, as well of facts as of law, to the court." The evidence was then heard; and at a subsequent term the court gave judgment that the plaintiff take nothing by his action, and that the defendant recover the title and possession of the property, and also the sum of $420, as damages for its use and occupation, and have a writ of possession.

This judgment was subsequently vacated and a rehearing granted, when a motion was made by the plaintiff to transfer the cause, it being one seeking equitable relief, from the law docket of the court, upon the ground that it had been improvidently placed there by the defendant, to the chancery docket, to be there proceeded with according to the rules and practice of the Circuit Court sitting in chancery; and also a motion to take from the files of the court so much of the answer as purported to be "a cross-suit, reconvention suit, or cross-bill," because the court, sitting as a law court, had no jurisdiction to grant in that suit the relief prayed by the defendant. These motions

were accompanied with a petition for leave to amend the bill of complaint.  But the court considering that the case was on its law docket, and had been submitted for its judgment, refused to sustain the motions.  In disposing of them it observed that it was a court both of law and equity, and had cognizance of both kinds of cases; that though the cause was an equity cause, the court had cognizance of it, and the question presented was, therefore, simply one of regularity of pleadings and proceedings; that the parties had waived all matters of mere form by going to final hearing on the merits and submitting the case to the court, and that their substantial rights had not been violated by this mode of proceeding.  The court thereupon heard the evidence presented by the parties, which related principally to the point whether the premises had been abandoned as a homestead at the time of the sheriff's sale mentioned in the pleadings; and rendered a similar judgment to that previously entered.  The case is brought here both on writ of error and on appeal; the plaintiff adopting both modes to obviate a possible objection, which otherwise might have been taken to our jurisdiction.

There would be great force in the observations of the court below, if the different causes of action presented by the parties could, by the usual forms of proceeding, either at law or in equity, be disposed of in one suit.  It might then very well be said that as by stipulation the case had been submitted to the court for determination, it was too late to object to the form of the proceedings.  If it was an equity case, then it was properly before the court; if it was a case at law, a jury having been waived, it was also properly there.  In either view, the relief warranted by the facts would be administered.  But here no such disposition could be made of the case presented by the petition and the one presented by the answer.  The first is strictly a suit in equity seeking special relief, which only a court of chancery can grant.  The second is an action at law for the recovery of real property, with the rents and profits.  The two cases are entirely different in their nature, and can be determined, where the distinctions between legal and equitable proceedings are maintained, only in separate suits.  In the one case, if the allegations of the plaintiff be sustained,

the judgment must be declaratory and prohibitory, adjudging that the deed of the sheriff to the defendant constitutes a cloud upon his title, and enjoining the defendant from asserting any claim to the premises under it. In the other case, if the defendant establishes his averments, the judgment must be for the possession of the premises and the rent and profits.

In the Federal courts such a blending of equitable and legal causes of action in one suit is not permissible under the Process Act of 1792, substantially re-enacted in the Revised Statutes, which declares that in suits in equity, in the Circuit and District Courts of the United States, the forms and modes of proceeding shall be according to the principles, rules, and usages which belong to courts of equity. 1 Stat. 276, sect. 2; Rev. Stat., sect. 913. This requirement has always been held obligatory upon parties and the court whenever the question has been raised. *Thompson* v. *Railroad Companies*, 6 Wall. 134. A party who claims a legal title must, therefore, proceed at law; and a party whose title or claim is an equitable one must follow the forms and rules of equity proceedings as prescribed by this court under the authority of the act of Aug. 23, 1842. 5 Stat. 518, sect. 6. The case of *Hornbuckle* v. *Toombs*, reported in the 18th of Wallace, does not conflict with this view; it only decides that the Process Act of 1792 does not extend to proceedings in the courts of the several Territories, which may be regulated by their respective legislatures.

In this case there is nothing in the answer of the defendant which would render it good as a cross-bill, even had it been drawn in due form and filed as such bill by leave of the court, for it seeks legal and not equitable relief. Story, Eq. Pl., sect. 398.

We are of opinion, therefore, that the court below should have granted the motions of the plaintiff. So long as the Process Act, respecting the modes and forms of procedure in equity cases, remains in force, parties have a right to insist that its provisions, however variant from the practice of the State courts, or open to objection, shall be followed, and should be permitted to recede from a stipulation waiving them, improvi-

dently made, as the one in this case evidently was, at any time before final hearing and judgment.

There is an additional reason for sending the case back, — that the evidence as to the abandonment of the homestead of the plaintiff is very unsatisfactory, and leaves great doubt on our minds whether the conclusion reached by the court below on this point was correct. We do not think that a homestead can be considered as abandoned because occupied by tenants, and the owner is temporarily residing elsewhere. According to the decisions of the Supreme Court of Texas, it would appear that, in order to work a forfeiture of the right to the homestead, the owner's cessation of occupancy must be with an intention of total relinquishment, shown by clear and decisive circumstances. The trifling sum at which the premises were suffered to be struck off would seem to indicate that at the sale little confidence was felt in the validity of the title which would be acquired. On the rehearing, this matter will receive a more full and careful consideration.

The judgment will be reversed, and the cause remanded with directions to the court below to allow the plaintiff to amend his petition, or bill of complaint, as he now designates it, and to strike out of the answer of the defendant his prayer for the possession of the premises and the value of the rents and profits; and it is

*So ordered.*