### PERKINS v. HENDRYX and others.

*(Circuit Court, D. Massachusetts. April 9, 1885.)*

1. EQUITY PRACTICE — BILL FOR DISCOVERY AND GENERAL RELIEF—ADEQUATE REMEDY AT LAW—REMOVED CASE.

   Complainant filed a bill in the state court, alleging that defendant had been granted a license to make and sell bird-cages, patented by him, and praying that defendant be compelled to disclose the amount of license fees due, and the number of cages made and sold since a date named, and that complainant be granted such other and further relief as his case might require. The case was removed to the circuit court, where defendant demurred to the bill. *Held*, (1) that, so far as the bill was one for general relief, the court had no jurisdiction, as there existed an adequate and complete remedy at law; and (2) that, so far as it was a bill of discovery, it was open to the objection that it contained no allegation that a suit at law had been brought, or was about to be brought, in which the discovery was material.

2. REMOVAL OF CAUSE—PRACTICE ON REMOVAL—CASE AT LAW OR IN EQUITY—REPLEADER.

   Where the suit in the state court unites legal and equitable grounds of relief or of defense, as authorized by the state statute, it may, in the federal court, be recast into two cases, one at law and one in equity, and in such a case a repleader is necessary.

On Demurrer to Bill.

*J. McC. Perkins,* for plaintiff.

*J. L. S. Roberts,* for defendants.

COLT, J. This bill in equity was originally brought in the state court and removed to this court. The present hearing was had upon a demurrer to the bill.

The bill alleges, in substance, that the complainant, being the owner of an undivided half interest in a certain patent for hanging bird-cages, granted an exclusive license, during the life of the patent, to the defendants to manufacture and sell the same; that, in consideration thereof, the defendants agreed to pay the complainant one cent for each bird-cage spring made and sold by them under said license; that certain sums of money, as license fees, were paid to the complainant on the first day of each and every month, from October, 1876, down to January 1, 1883, but that the complainant has no means of knowing whether or not the defendants have rendered true accounts of the number of springs sold; that the complainant has no means of know-

ing the number of springs sold since January 1, 1883, but has reason to believe that a much larger number has been sold since that date than before, and that the full sum of $2,000 is due complainant. The bill prays a disclosure of all license fees due complainant since January 1, 1883, and of all bird-cage springs made and sold by defendants from October 4, 1878, to January 1, 1883, and for such other and further relief as the case may require.

The main object of the bill is for discovery; but, having added a prayer for general relief, it becomes a bill for relief as well. Story, Eq. Pl. § 313. So far as the bill is one for relief, it is clear that this court has no jurisdiction to grant it. The action is brought to enforce a contract, and there exists a plain, adequate, and complete remedy at law. So far as the bill seeks a discovery, it is open to the objection that there is no allegation that a suit at law has been brought, or is about to be brought. In order to support a bill of discovery it must appear that the discovery is asked for the purpose of some suit brought, or intended to be brought, otherwise it will not be entertained, as courts of equity grant discovery to aid some legal proceeding. Story, Eq. Pl. § 321. If a bill in equity seeks relief which the court has no power to grant, and also seeks a discovery, the defendant may demur to the whole bill, if it does not aver that a suit at law is pending, or is about to be brought, in which a discovery may be material. *Mitchell* v. *Green*, 10 Metc. 101.

But the complainant contends that this case having been removed from the state court, and that court having authority to grant relief in the form here asked for, this court, under the statutes relating to the removal of causes, can proceed and give the same relief. It is sufficient here to observe that in the United States courts the distinction between legal and equitable causes of action is still maintained, and that this applies to causes removed from the state courts, as well as to causes originally brought here. Where the case made by the pleadings in the state court is, in its nature, a law action, it must, when removed to the federal court, proceed as such. Where the suit in the state court is, in its nature, a suit in equity, it must proceed as an equity cause on its removal into the federal court. Where the suit in the state court unites legal and equitable grounds of relief or of defense, as authorized by the statutes of the state, it may, in the federal court, be recast into two cases, one at law and one in equity, and, in such a case, a repleader is necessary. Dill. Rem. Causes, §§ 43, 44, 45.

The demurrer is sustained, but without prejudice to the complainant to amend or replead in this court.