## McCONNELL v. PROVIDENT SAVINGS LIFE ASSUR. SOC. OF NEW YORK.

(Circuit Court of Appeals, Sixth Circuit. July 2, 1895.)

No. 258.

PRACTICE—CASE IMPROPERLY HEARD IN EQUITY—OBJECTION FIRST RAISED ON APPEAL.

A case of a purely legal nature, involving no equitable feature and requiring no equitable relief, was brought in a state court, in the form of a bill in equity, under a local statute, and after removal to the federal court was conducted to its end by both parties under the forms of equity procedure, resulting in a decree dismissing the bill. From this decree the complainant took an appeal, and, by a motion to dismiss such appeal, made after the time for bringing a writ of error had expired, the respondent for the first time raised the objection that the proceeding was one at law, which could only be reviewed by writ of error. *Held*, that the decree should be reversed and the cause remanded, with instructions to redocket the case as one at law, and require the parties to reframe their pleadings to conform to the procedure at law.

Appeal from the Circuit Court of the United States for the Eastern District of Tennessee.

This is an appeal from a decree of the circuit court of the United States for the Eastern district of Tennessee. The cause was begun by an original bill filed in the chancery court at Knoxville, in Tennessee, by Mary F. McConnell, a citizen of Tennessee, against the Provident Savings Life Assurance Society, a corporation and citizen of the state of New York. The bill alleged that the complainant was the widow of one R. A. McConnell, deceased, who died July 28, 1893; that on the 27th of April, 1893, the said R. A. McConnell procured the defendant to issue to the complainant, his wife, a policy of $5,000 upon his life, which policy was filed and made a part of the bill. The bill further averred that proper proofs of death were forwarded to the defendant; that by the terms of the policy the defendant, within 60 days after the presentation of the satisfactory proofs, became liable to pay the face of the policy, but failed and refused to do so; that there was actually paid, at the time of the issuance and delivery of the policy, the sum of $20.65 on account of the premium thereon for the current year ending April 27, 1894; that the defendant was justly indebted to complainant in the full amount of the policy, less that portion of the premium due thereon for the current year ending April 27, 1894, which was the premium due for the whole year, less the $20.65 paid. The prayer of the bill was for process by subpoena according to the practice of the court, for judgment and decree in favor of complainants for the amount of the policy, with interest thereon, less the portion of the premium for the current year; and, if mistaken in her special prayer, she prayed for all such other, further, different, and general relief as the facts might warrant and as the ends of justice might require. Upon this bill subpoena was issued summoning the defendant to appear before the chancery court at Knoxville to answer the original bill which the complainant had filed against it. The subpoena was served upon the agent of the defendant. Thereupon the cause was removed by defendant to the court below, and on the 9th day of July thereafter the following motion was made in that court: "Came the Provident Savings Life Assurance Society of New York, by its solicitor, George H. Pepper, and moved the court to allow the transcript in the above-entitled cause from the chancery court of Knox county removed to this court, on bond and petition to be filed in this court. And, it appearing to the court that the law in regard to removals has in all things been complied with, the court is pleased to sustain said motion, and order that the same be filed and docketed. Thereupon the defendant filed its answer. The answer begins as follows: "To the Honorable Judges holding United States Circuit Court at Knoxville, Tennessee: The answer of the Provident Savings Life Assurance Society of New York to the bill filed against it in the chancery court of Knox county, Tennessee, and removed to

this honorable court. Respondent, answering complainant's bill, admits that complainant is the widow of Robert A. McConnell, deceased." The answer admits certain facts in the bill, then sets out the issuance of the policy, its character, the proper construction thereof, the failure of McConnell to pay the amount due quarterly on the premium, the forfeiture of the policy accruing therefrom, and denies certain constructions put upon the policy by the complainant. The answer concludes: "All allegations in complainant's bill not admitted or denied are hereby expressly denied. Respondent denies that it owes complainant anything on account of said lapsed policy, and prays to be hence dismissed, with its reasonable costs." The answer is signed: "The Provident Savings Life Assurance Society of New York, by Sheppard Homans, President; George H. Pepper, Solicitor; Edwin B. Smith, of counsel." On July 21, 1894, the parties to the action signed an agreement as to facts, which was filed upon the same day. The caption of the agreement is as follows: "In the United States Circuit Court for the Northern Division of the Eastern District of the State of Tennessee. For the purpose of saving time and expense, and expediting the trial of this cause, the following facts are agreed upon between the parties, and as such may be taken and considered by the court in the determination of this lawsuit, so far as the facts themselves are competent, as fully as though established by competent testimony in regular form taken and submitted." At the end of the agreement is this: "Formal replication to defendant's answer is waived." On the same day was filed a stipulation as follows: "It is hereby stipulated by and between the parties hereto, and their attorneys, that this cause be tried by the court without a jury; a jury trial being hereby waived under sections 649 and 700 of the Revised Statutes of the United States." On July 28, 1894, a bill of exceptions was signed by the judge and filed. Special findings of fact were made by the court. Motions were made to set them aside, and the motion was overruled, and the following entry was made in the court below: "Be it remembered that this cause came on for final hearing before the Honorable D. M. Key, judge of the United States district court, holding the United States circuit court at Knoxville, Tennessee, on this the 28th day of July, 1894, upon the pleadings and agreed state of facts, with the exhibits to said agreed state of facts, including application for insurance, and the policy issued thereon, and exhibits with bill and answer; and the same having been considered by the court, and the court being of the opinion that the complainant is not entitled to relief, the court is pleased to order that the complainant's bill be dismissed, and the defendant have and recover of and from complainant and C. L. McConnell, surety upon the prosecution bond, the costs of this cause, for which execution is awarded." A prayer for appeal was then filed by complainant, and it was allowed.

R. H. Sansom (Tully R. Cornick and Templeton & Cates, of counsel), for appellant.

George H. Pepper and Edwin B. Smith, for appellee.

Before TAFT and LURTON, Circuit Judges, and SEVERENS, District Judge.

TAFT, Circuit Judge, after stating the case, delivered the opinion of the court.

A motion is made by the appellee to dismiss this appeal on the ground that the proceeding below was a proceeding at law, which can only be reviewed by a writ of error in this court. An examination of the record satisfies us that the cause was heard upon the equity side of the court. The action was begun by bill in the state chancery court, and removed to the circuit court of the United States. The forms of pleading were those of the chancery jurisdiction. It is true that there is a stipulation waiving a jury, and to that extent the proceedings were inconsistent with equity procedure.

But the bill throughout was treated as a bill in chancery, the answer was in the form of an answer in chancery, the formal replication required in chancery was expressly waived, and the action of the court was expressed in a decree by which complainant's bill was dismissed. There is nothing to show positively and conclusively that the cause was docketed on the equity side of the court, but we think this is the necessary inference from the form of the pleadings and the entries. This being so, the only mode by which the action of the court below could be reviewed was by an appeal. The cause of action of the appellant and complainant below was at law. It was a simple suit to recover the amount of the policy upon the happening of the condition upon which by the terms of the policy it was due. It had not a single equitable feature in it, and there was no relief needed or prayed for which necessitated a resort to the court of equity. The jurisdiction of the Tennessee chancery court rested only upon a Tennessee statute enlarging the jurisdiction of courts of equity, and not applicable to courts of the United States. In such a case we think that a United States court of equity has no jurisdiction whatever, and that it is the duty of this court to reverse the decree of the court below and remand the case, with instructions to redocket the cause as one at law, and to require the parties to reframe their pleadings to conform to procedure at law.

In Reynolds v. Watkins, 9 C. C. A. 273, 60 Fed. 824, we had occasion to consider the proper course for this court to pursue in regard to appealed causes which had been heard in equity below when they should have been heard at law. In that case Judge Lurton, delivering the opinion of the court, said:

"No question of jurisdiction was raised in the circuit court, but it is now, for the first time, insisted that complainants had a plain and adequate remedy at law, and that, therefore, a court of equity will not entertain this suit. An objection that the remedy at law was plain and adequate should be taken at the earliest opportunity. Yet neither consent nor negligence will confer jurisdiction in equity where none really exists, and the court may at any stage of a cause entertain such objection, or dismiss a bill mero motu. Yet there are cases where if the objection of want of jurisdiction because of an adequate remedy at law be not taken in the circuit court, and be for the first time presented upon appeal, this court will not feel itself obliged to entertain an objection coming so late, especially if the subject-matter of the suit is of a class over which a court of chancery has jurisdiction, and it is competent for the court to grant the relief sought. Reynes v. Dumont, 130 U. S. 355, 9 Sup. Ct. 486; Kilbourn v. Sunderland, 130 U. S. 505, 9 Sup. Ct. 594. Looking to the whole of the original bill, including the transcripts of two suits in equity involving and affecting the title and interest of complainants, and filed as exhibits to the bill, we are of opinion that the interest of the complainants was so essentially of an equitable character as to constitute a controversy over which a court of equity may well assume jurisdiction."

In Reynes v. Dumont, 130 U. S. 355, 395, 9 Sup. Ct. 486, the chief justice, speaking for the supreme court, said:

"It was held in Lewis v. Cocks, 23 Wall. 466, that if the court, upon looking at the proofs, found none at all of the matters which would make a proper case for equity, it would be the duty of the court to recognize the fact and give it effect, though not raised by the pleadings nor suggested by counsel. To the same effect is Oelricks v. Spain, 15 Wall. 211. The doctrine of these and similar cases is that the court, for its own protection, may prevent matters purely cognizable at law from being drawn into chancery at the pleasure of

the parties interested; but it by no means follows, where the subject-matter belongs to the class over which a court of equity has jurisdiction, and the objection that the complainant has an adequate remedy at law is not made until the hearing in the appellate tribunal, that the latter can exercise no discretion in the disposition of such objection."

We think that the case at bar is not of a class of suits usually cognizable in a court of equity, that there is nothing at all in it which makes it a proper case for chancery jurisdiction, and that the principle laid down in Lewis v. Cocks, 23 Wall. 466, is applicable.     Both parties seem to have elected to treat the cause as one in equity, and not to have objected to proceeding on the equity side of the court.     Owing to this action, the defeated party sought review in this court by appeal as from a decree in equity, and it is now for the first time objected by the successful party below, after the time has elapsed within which a writ of error can be brought, that the cause was not an equity cause, and that the proper mode of review was by writ of error.     Under such circumstances, we think the decree of the court below should be reversed for want of jurisdiction, with instructions to remand the cause to the law docket, and to reframe the pleadings accordingly.     The costs of the case in this court and in the court below will be divided.