McGUIRE v. PENSACOLA CITY CO. et al.

(Circuit Court of Appeals, Fifth Circuit. January 8, 1901.)

No. 957.

1. BILL IN EQUITY—AVERMENTS—REMEDY AT LAW—EJECTMENT.
   Where the averments of a bill in equity to recover real estate show that the complainant has a legal title, and that the defendants are in possession of the same by force, the remedy is by an action at law of ejectment; hence the bill was properly dismissed.

2. SAME—MULTIPLICITY OF SUITS—DISMISSAL.
   An action to recover real estate, brought by bill in equity to prevent a multiplicity of suits, will be dismissed where the defendants can be joined in one action at law.

3. SAME—JURY TRIAL.
   The aid of equity in the federal court cannot be invoked to prevent a multiplicity of suits in an action to recover real estate where the legal title is in complainant, since each defendant is entitled to a trial by jury, under Const. U. S. Amend. 7.

4. SAME—FRAUD—CONSPIRACY—VIOLENCE.
   Where the complainant in a bill in equity to recover real estate, having title, though out of possession, alleges that defendants obtained possession by conspiracy, fraud, and violence, and by void judgments of the state court, a court of equity will not take jurisdiction, since such wrongs can be remedied in an action at law.

**5. SAME—QUIET TITLE.**

A complainant, not in possession, but having legal title to realty, cannot invoke the aid of equity in the federal court to remove cloud from title against defendants who are in possession.

**6. SAME—DISMISSAL BY COURT.**

Where an adequate remedy at law exists, the court of equity will dismiss a bill on its own motion; hence a specified form of objection to the court's jurisdiction is not required.

Appeal from the Circuit Court of the United States for the Northern District of Florida.

This is a suit in equity involving the right, title, and possession of a one-fourth undivided interest in 262½ acres of land in the city of Pensacola, Escambia county, Fla. The bill is filed by Florida McGuire against the Pensacola City Company and 47 other defendants. Two of the defendants—the Pensacola City Company and the Pensacola & Atlantic Railroad Company—are corporations chartered under the laws of Florida. The other defendants are all citizens of Florida, with the exception of Charles H. Edgar and Henry Knowles, who are citizens of the state of New York, and Clarence Knowles, who is a citizen of Georgia. It is alleged in the bill that the land in question was granted by the Spanish crown, in 1806, to Gabriel Rivas, who died intestate in 1822. The averments then show that the complainant is a descendant of Gabriel Rivas, and an heir at law of a one-fourth undivided interest in the lands. The lands remained in the constructive possession of the heirs of Gabriel Rivas until the year 1869, when Albert V. Caro, one of his heirs, in behalf of himself and the other heirs, took actual possession of the land; and it is alleged that he still lives on a portion of the tract. He is not made a party to the suit. The land has on it a number of houses and other improvements, with orchards and gardens, and its value exceeds $50,000. It is alleged that the Pensacola Company, acting through one William C. Cooke. in company with about 50 men, forcibly entered on the lands, and proceeded to cut down the trees, open and lay out streets, and then left the lands; that said Cooke, with about 50 men, in July, 1870, again took possession of the land, and undertook to construct a fence thereon; and that Albert V. Caro broke down the fence, and regained possession of the land. It is alleged that by judicial proceedings in the state courts of Florida the defendants obtained possession of the lands; that the judgments rendered by said state courts are void by reason of the fact that the judge rendering the judgment was connected with the corporation which was plaintiff, and was connected by affinity with some of the parties to the suit. It is not alleged that Florida McGuire, the complainant, was a party to these suits. Fraudulent combinations and conspiracies between the defendants are alleged. It is not alleged that the complainant is in possession of the land. It is alleged that a receiver appointed by the state court has taken possession of the land, or a part of it, and has compelled tenants thereon to attorn to him, and has forcibly and fraudulently driven off other tenants from the property, and converted it to his own use for the benefit of the Pensacola City Company and the other defendants; and that other defendants, who are named, are "among the present possessors of said tract, or a portion thereof, all claiming under the Pensacola City Company." In the thirtieth paragraph of the bill it is alleged that while the complainant, through her agents, was in possession of the land and its improvements, the defendants "illegally wrested possession of the lands from the said heirs," excepting that portion of the land which is in possession of Albert V. Caro. The prayer is for an injunction to restrain the defendants from disposing of or interfering with the lands, or from cutting any streets or trees on the lands, or committing any trespass thereon; that a receiver may be appointed to take possession of the land and collect the rents; that an account may be taken as to rents and profits; that the title to said property may be quieted, and that it be decreed what interest and title the complainant has in the lands; and that the said tract be ascertained to belong to the complainant, and be decreed to her, together with the rents and profits. The defendants demurred to the bill because the complainant has not made such a case as entitles her in a court of equity to any discovery or

relief from or against these defendants touching the matters contained in the bill, or any of such matters. The court sustained the demurrer, and dismissed the bill, and the complainant appealed to this court, and assigns the decree as error.

Louis P. Paquet, Simeon Belden, and Wolfe & Reese, for appellant. Wm. A. Blount and A. C. Blount, Jr., for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge, after stating the case as above, delivered the opinion of the court.

Suits in equity cannot be sustained in either of the courts of the United States where a plain, adequate, and complete remedy may be had at law. Rev. St. U. S. § 723. This section of the judiciary act of 1789 was merely declaratory of existing law. The averments of the bill show that the complainant has the legal title to the land claimed, and that defendants have obtained possession by force, and are now in possession. This makes a plain case for an action of ejectment. If these averments are true,—and on demurrer they are presumed to be true,—the appellant would be entitled to recover the land in ejectment. Under the seventh amendment to the constitution the defendants in possession have the constitutional right to a trial by jury. No statute of the state of Florida is cited as conferring equity jurisdiction on state courts in cases like this, and such statutes, if enacted, would not control the equity jurisdiction of the federal courts in a case where to enforce the statute would deprive a party of trial by jury. Scott v. Neely, 140 U. S. 106, 111, 11 Sup. Ct. 712, 35 L. Ed. 358; Cates v. Allen, 149 U. S. 451, 13 Sup. Ct. 883, 977, 37 L. Ed. 804. We do not understand the learned counsel for the appellants as disputing these propositions, but their contention is that the bill contains averments that take the case out of the influence of these well-settled rules.

First, it is claimed that the court has jurisdiction to prevent a multiplicity of suits. The federal courts, of course, have jurisdiction in equity, in proper cases, to prevent a multiplicity of suits. But there is nothing alleged in the bill to confer jurisdiction on that account. If the defendants are trespassers, having obtained possession by force and violence, as alleged, they may all be joined as defendants in one action of ejectment. Greer v. Mezes, 24 How. 268, 277, 16 L. Ed. 661; Jackson v. Woods, 5 Johns. 278; Rowland v. Ladiga's Heirs, 21 Ala. 9. But, even if a number of suits were required to settle the controversy as to the lands, each defendant would have the right to submit his claim of title and right to possession to a jury. Doggett v. Hart, 5 Fla. 215; Hughes v. Hannah, 39 Fla. 365, 22 South. 613; Whitehead v. Shattuck, 138 U. S. 146, 11 Sup. Ct. 276, 34 L. Ed. 873.

It is claimed that the court has jurisdiction in equity "to inquire into allegations of conspiracy, fraud, and violence." The fact that the defendants conspired to obtain possession of the land, or committed frauds and violence to obtain possession, the complainant having the legal title and the right to possession, does not confer jurisdiction in equity of a suit to recover the lands. These wrongs on the part of the defendants do not prevent the plaintiff from recovering the lands

at law in ejectment. Such averments in a bill to recover real estate and its rents, brought by a plaintiff out of possession, and having the legal title against defendants in possession, do not confer jurisdiction in equity. Smyth v. Banking Co., 141 U. S. 656, 660, 661, 12 Sup. Ct. 113, 35 L. Ed. 891. The averments that the defendants hold the lands under void judgments are without effect as conferring jurisdiction, because the judgments could as well be held void at law. Smythe v. Banking Co. (C. C.) 34 Fed. 825; Lewis v. Cocks, 23 Wall. 466, 469, 23 L. Ed. 70.

The third contention of the appellant is that the court has jurisdiction "to quiet title from cloud now resting on it by acts of defendants." It is well settled that a plaintiff not in possession, having the legal title, cannot maintain a bill against defendants who are in possession to remove cloud from title. Orton v. Smith, 18 How. 263, 15 L. Ed. 393; Frost v. Spitley, 121 U. S. 552, 556, 7 Sup. Ct. 1129, 30 L. Ed. 1010; 17 Enc. Pl. & Prac. 306; 5 Notes U. S. Rep. 572.

Objection is made to the form of the demurrer interposed by the defendants. This question is immaterial. In Lewis v. Cocks, 23 Wall. 466, 23 L. Ed. 70, the objection was not made by demurrer, plea, or answer, nor was it suggested by counsel, but the court sua sponte directed the dismissal of the bill. "It is the universal practice of courts of equity," said Mr. Justice Swayne, "to dismiss the bill if it be grounded upon a mere legal title. In such case the adverse party has a constitutional right to a trial by jury." The decree of the circuit court should be amended so as to make the dismissal without prejudice to the rights of the plaintiff to sue at law as she is advised, and, as so amended, it is affirmed.