FLETCHER v. BURT.

(Circuit Court of Appeals, Sixth Circuit. December 18, 1903.)

No. 1,175.

1. REMOVAL OF CAUSES—PROCEDURE AFTER REMOVAL—REFORMING PLEADINGS.
    Where an action brought in a state court under a Code which abolishes forms of action is removed into a federal court, where different modes of procedure obtain in cases at law and in equity, it becomes necessary to determine the nature of the case, and to assign it to the law or equity side of the court accordingly, and to reframe the pleadings if necessary.

2. PARTIES—JOINDER OF CAUSES OF ACTION—FEDERAL COURTS.
    A bondholder of an insolvent railroad company whose property has been sold in foreclosure proceedings, suing on behalf of himself and other bondholders, stockholders, and general creditors, cannot maintain an action at law in a federal court to recover a judgment for damages against a former receiver for alleged fraudulent acts in depreciating the value of the property prior to the sale, and the rule is not changed by the fact that the action was instituted in a state court under a Code which abolishes all forms of action, and adopts the equity rule as to parties and the joinder of causes of action.

3. REMOVAL OF CAUSES—ELECTION OF PLAINTIFF AS TO FORM OF ACTION.
    On the removal of a cause instituted as one at law to recover a judgment for damages, but which is not maintainable as such in the federal court, where a demurrer on that ground was rightly sustained, and the plaintiff declined to amend his pleading to bring the case into the equity side of the court, but sued out a writ of error, he is bound by his election, and the judgment dismissing his action will be affirmed.

In Error to the Circuit Court of the United States for the Northern District of Ohio.

The plaintiff in error, Austin B. Fletcher, brought this suit by petition in the court of common pleas of Lucas county, Ohio, for the benefit of himself and the general creditors and stockholders of the Toledo, Ann Arbor & North Michigan Railway Company, and of all the bondholders of said company who did not participate in a certain reorganization scheme of said company, mentioned in said petition, against Wellington R. Burt, who had been receiver in a consolidated cause composed of suits which had been brought for foreclosure of mortgages and by creditors of the railway company in the Circuit Court of the United States for the Northern District of Ohio. The plaintiff alleged that at the time of the alleged fraudulent acts of the defendant of which he complained he was the owner of two bonds, for $1,000 each, which were assumed by the railway company upon a consolidation of railroad companies, whereby the said railway company had been constituted, and also of sixteen other bonds, of $1,000 each, issued by the railway company after the consolidation.

The gravamen of the petition was, in substance, without going more minutely into particulars, that the defendant, while he was receiver, foreseeing that the railroad of the company would be sold under the decree of the court in said cause, and in contemplation of a scheme of reorganization by those who were interested in said company, himself among them, to be formed

for the purpose of taking over by purchase at the sale the mortgaged assets of the company, undertook to and did depreciate the value of those assets by representing to the public, and especially to intending purchasers, that they were worth but little, that the railroad consisted of "a couple of streaks of rust running across Michigan, and a part of it under water," and making other like representations in regard to the condition and value of the property, all which had the effect to dissuade purchasers from bidding at the sale, whereby the property, which was worth and ought to have brought $10,-000,000, was bid in by those engaged in the scheme of reorganization for the sum of $2,627,000, all of which was absorbed by the preferred creditors, the general creditors and stockholders receiving nothing, and that the sale was confirmed. It was also alleged in the petition that the defendant, while he was receiver, purchased some of the bonds of the company, which went to his credit in the reorganization, whereas they should have been treated as held in trust by him for the company. And it was further alleged that while acting as receiver the defendant, without the knowledge of the court, appropriated his receipts to the permanent improvement of the property, among other things to the construction of 12 miles of new railroad, the cost of which was reported to the court as operating expenses. All these improvements it is charged were concealed from the public and intending purchasers, but went into the sale to the benefit of the defendant and his associates. Further, the petition charged that the defendant, while receiver, systematically managed the road in a way and for the purpose of ruining its reputation and impairing its selling value. The plaintiff states that he and those whom he represents were entirely ignorant of the fraudulent acts complained of until three years and three months before the filing of the petition. He alleges that he and they were damnified to the extent of $5,000,000, and demands judgment for that sum.

The defendant appeared and removed the cause into the Circuit Court of the United States upon a petition showing diverse citizenship of the parties. Thereupon the defendant filed a demurrer to the petition showing the following grounds: "First, the plaintiff has no legal capacity to maintain this action; second, that there is a defect of parties plaintiff; third, that several causes of action are improperly joined; fourth, that the matters and things set forth in the petition are of purely equitable cognizance, and no action at law will lie thereon against the defendant; fifth, that the petition does not state facts sufficient to constitute a cause of action against this defendant."

The court on the hearing sustained the demurrer, and entered the following order: "And thereupon, the plaintiff not asking to plead further, it is considered and ordered by the court that said petition be, and the same is hereby, dismissed, and the defendant go hence without day; and it is further ordered that said plaintiff, Austin B. Fletcher, pay all the costs in this case, taxed at $———, for which execution is awarded." The plaintiff thereupon sued out a writ of error to this court.

' Charles S. Ashley and Harvey Scribner, for plaintiff in error.
Alexander L. Smith, for defendant in error.

Before LURTON, SEVERENS, and RICHARDS, Circuit Judges.

SEVERENS, Circuit Judge, having stated the case as above, delivered the opinion of the court.

The petition in this case, although conforming to the regulations of the Code of Ohio respecting pleadings, is in the similitude of the common-law declaration in an action of trespass on the case, and demands a judgment for damages alleged to have been sustained by the plaintiff and those whom he claims to represent in consequence of the wrongful acts of the defendant set out in the petition.

The joinder of the causes of action which the plaintiff claims for himself and those he represents is supposed to be authorized by section 5008 of the Revised Statutes of Ohio, which reads as follows:

"When the question is one of a common or general interest of many persons, or when the parties are very numerous, and it is impracticable to bring them all before the court, one or more may sue or defend for the benefit of all."

It is contended that this provision extends to all civil actions, whether brought to enforce an equitable or a legal right, and the case of Platt v. Colvin, 50 Ohio St. 703, 36 N. E. 735, is cited by counsel for the plaintiff in support of that contention. For the defendant it is contended that the operation of this statutory provision is limited to those cases where by the rules and practice of the court of chancery such representation of parties not otherwise before the court was permissible, and reference is made to other decisions of the Supreme Court of Ohio, which are thought to support that view. Trustees, etc., v. Thoman, 51 Ohio St. 285, 37 N. E. 523; Quinlan v. Myers, 29 Ohio St. 500, 508.

In view of the fact that notwithstanding all distinctions in matters of form in pleading are obliterated by the Code, and all causes of action, whether legal or equitable in their nature, are presented in a common form of statement, the necessity for making the distinction arises in determining the mode of trial; for causes of action of a legal nature are in Ohio tried by a jury, while causes resting upon the principles of equity are tried by the court. But the verdict of a jury upon such a petition as this, for instance, would be wholly inadequate to accomplish the ultimate purpose or to settle the variety of issues that might arise within the boundaries of the case. But it is said that it might bring the fund into court, and then the court might distribute it to those entitled. But in a court of equity both these results are attained in a single suit. From the elasticity of its procedure it could in the same procedure determine all incidental issues, and thus avoid a multiplicity of suits. But we shall not undertake to decide whether or not the statute referred to authorizes such a method of proceeding as this, which is an action to recover a judgment for damages merely, to be ascertained upon the principles of the common law; for if it were conceded that under this provision of the Code of Ohio, construed as the plaintiff claims it should be, the suit might go on in the courts of the state, yet the provision would be of no force or effect after it was removed into the federal court. When the cause was brought there it came into a forum where different modes of procedure obtain in cases at law and in equity, and it became necessary to determine the nature of the case, and assign it to the law or to the equity side of the court accordingly, and to reframe the pleadings if necessary. It is impossible for a state statute to prescribe a practice which will require the federal courts to ignore the distinction between law and equity—a distinction as old as are the courts themselves. The latter courts must deal with the case in recognition of this distinction. They cannot, sitting as courts of equity, try an action at law, nor, sitting as courts of law, proceed by the methods of equity or administer equitable remedies. The cases upon this subject are so numerous as hardly to justify citation, but we refer to a few: Thompson v. Railroad Co., 6 Wall. 134, 18 L. Ed. 765; Hurt v. Hollingsworth, 100 U. S. 100, 25 L. Ed. 569; McConnell v. Assur. Soc., 16 C. C. A. 172, 69 Fed. 113; Goodyear Shoe

Mfg. Co. v. Dancel, 56 C. C. A. 300, 119 Fed. 692. But the plaintiff from the beginning has insisted upon his right to a legal remedy and a trial by jury. He demanded a judgment for damages. In the Circuit Court the case was docketed as a law case. After the removal, the plaintiff took no action to bring his case into the equity side of the court; but, although one of the grounds of the demurrer was that the case was one of equitable cognizance and the plaintiff was given the right to plead further, he elected to stand by his pleading as one at law, and brought the case here on writ of error, whereon this court can deal only with questions of law, predominant among which is the one whether in a federal court of law the plaintiff can maintain a suit so constituted at all, conceding the facts to be as alleged. He had the technical right to pursue this course, and obtain the judgment of the court upon his own theory. In a former case (McConnell v. Provident Life Assurance Society, supra), brought to this court by appeal from a decree in a suit begun in a state court to recover the amount claimed to be due on a policy of insurance where the court below had tried the case on the equity side pursuant to a method prescribed by a statute of Tennessee, under a misapprehension of the court and counsel, we reversed the decree, and remanded the case, with directions to permit the plaintiff to reframe his pleadings and resort to the law side of the court. But in that case no question had been raised in the court below upon the question here involved. The plaintiff had made no distinct election, and the statute of limitations would have barred a writ of error. It is not contended, nor could it be, that an action such as this could have been originally prosecuted as a suit at law in the Circuit Court of the United States; but it is claimed that by the privilege accorded by the state law he could so prosecute it in the state courts, and that the same privilege attended him on the removal. He invoked the exercise of the jurisdiction of the federal court upon his action as a court of law, and that court could not do otherwise than to deal with it in that capacity, and, consistently with the law governing it, it properly held that the suit could not be maintained.

The assignment of errors, which are all leveled at the judgment itself, must therefore fail. It would be manifestly out of place for us to enter upon the merits of the case.

The judgment is affirmed.