TWIST et al. v. PRAIRIE OIL & GAS CO., and four other cases.

(Circuit Court of Appeals, Eighth Circuit. May 9, 1925.)

Nos. 6499–6502, 6508.

**1. Removal of causes ⊚⇒116—After removal, complaint uniting legal cause of action with equitable cause should have been redrawn to conform to federal practice.**

Where action in state court, uniting legal cause of action in ejectment with equitable one to remove cloud on title in one complaint, as permitted under Oklahoma statute, was removed to federal court, pleadings should have been redrawn to conform to federal practice, where such union is not permitted.

**2. Courts ⊚⇒371(2)—Suit to remove cloud not maintainable in federal court by complainant not in possession.**

Suit to remove cloud on title cannot be maintained in federal court by complainant out of possession, even if it is maintainable in state court, under Comp. St. Okl. 1921, §§ 466–471; plaintiffs having adequate remedy at law.

**3. Ejectment ⊚⇒114 — Judgments not invalid because in form decrees in equity.**

Where complaints stated causes of action in ejectment, judgments for defendants were not void because actions were tried by court without a jury, without formal written waiver of jury, as though they were equitable suits, and judgments were called decrees, where relief granted was such as could be given in legal action, except dismissal of complaint in three cases for want of equity which could be disregarded as surplusage.

**4. Appeal and error ⊚⇒14(½)—Defeated parties, mistakenly appealing instead of resorting to writs of error, held entitled to appellate review.**

Under Act Sept. 6, 1916, c. 448, § 4, 39 Stat. 727, though defeated parties in ejectment action tried as though it were suit in equity resorted to appeals, instead of writs of error, they were entitled to have judgments reviewed as if appropriate appellate procedure had been followed.

**5. Appeal and error ⊚⇒849(1)—Appellate review of judgments, mistakenly sought by appeal instead of by writs of error, was limited to questions arising on process, pleadings, or judgments.**

Where defeated parties mistakenly appealed from judgments in action of ejectment tried as suit in equity, instead of resorting to writs of error, Circuit Court of Appeals, in reviewing judgments under Act Sept. 6, 1916, § 4 (Comp. St. § 1649a), was limited to questions arising on process, pleadings, or judgments, on theory that trial was to court without waiver of jury.

**6. Appeal and error ⊚⇒184—Effect of trying legal action as suit in equity without jury considered on appeal, though not raised in trial court nor argued on appeal.**

Though effect of trying legal action as suit in equity by court without jury was not raised in trial court, nor argued on appeal, it was duty of Circuit Court of Appeals to take note thereof.

Appeal from the District Court of the United States for the Eastern District of Oklahoma; Robert L. Williams, Judge.

Separate suits by Edward C. Twist and others, by Edward C. Twist, by Jessie L. Twist Payne, and by Albert T. Twist against the Prairie Oil & Gas Company. Decrees for defendants in the last three suits, and plaintiffs appeal; and decree for plaintiffs Kuroki Twist and Willie V. Twist, in the first suit, and the other plaintiffs and defendant appeal. Affirmed.

Paul Pinson, of Muskogee, Okl. (James S. Watson, of Tulsa, Okl., and Linebaugh & Pinson, of Muskogee, Okl., on the brief), for Edward C. Twist and others.

A. A. Davidson, of Tulsa, Okl. (T. J. Flannelly and Paul B. Mason, both of Independence, Kan., and Preston C. West and Roger S. Sherman, both of Tulsa, Okl., on the brief), for Prairie Oil & Gas Co.

Before SANBORN and KENYON, Circuit Judges, and BOOTH, District Judge.

BOOTH, District Judge: William G. Twist, a citizen of the Cherokee Nation, had an allotment of land. September 30, 1904, he made an oil and gas lease thereof to the Los Angeles-Cherokee Oil Company, to run 15 years.

Three of his children, Albert T., Edward C., and Jessie L., as Cherokee citizens, also had allotments of land. Their father, William G. Twist, as their guardian, made leases of their allotments to the same company as follows: Of Albert T.'s allotment on March 22, 1905, running to September 3, 1918. Albert became of age September 4, 1918. Of Jessie L.'s allotment on March 22, 1905, running to December 7, 1918. Jessie became of age December 8, 1917. Of Edward C.'s allotment on March 22, 1905, running to March 21, 1920. Edward was still a minor when this suit was commenced (September, 1922), but became of age prior to the entry of judgment (April 27, 1923).

On or about January 2, 1907, William G. Twist died intestate, seized of his allotment, and leaving a widow, Leoria L. Twist, and five children—the three above mentioned and

Kuroki and Willie V. The two latter had no allotments, having been born too late. In June, 1907, the widow was appointed to succeed her husband as guardian of the three children having allotments. She also became administratrix of her husband's estate.

In June, 1910, final decree was entered in the county court of Tulsa county in the matter of the estate of William G. Twist. Distribution was made; one-third of the rents and profits of the lease belonging to the estate to the widow in lieu of dower, the remaining two-thirds in equal division to the five children, and the remainder in fee in equal division to the five children.

June 5, 1916, petition by Leoria L. Twist was filed in said county court, reciting that she was the administratrix of the estate of William G. Twist and guardian of the children, Albert, Edward, and Jessie, and praying that an extension of said four leases be authorized. Proceedings were thereafter had in said county court, which resulted in what purported to be an extension agreement confirmed by the court, covering all of the four leases for a consideration named, for a term so long as oil or gas should be found on the lands. In these proceedings the two children, Kuroki and Willie V., were neither represented nor mentioned.

On March 5, 1917, these four leases, as thus extended, were sold and assigned by the Los Angeles-Cherokee Oil Company to the Prairie Oil & Gas Company, defendant in the present suit. On March 13, 1917, Leoria L. Twist presented to the county court of Tulsa county another petition, reciting that she was guardian of Kuroki and Willie; that by inadvertence they had not been included in the former extension proceedings; that they were, however, participating in the consideration received on account of the lease belonging to the estate, the same as the other children. Authority was asked to make a similar extension agreement on behalf of Kuroki and Willie, and without further consideration. Proceedings were had which resulted in an order of the court authorizing an extension agreement on behalf of Kuroki and Willie similar to the one made in June, 1916, and without further consideration.

The defendant company entered into possession of the lands covered by the four leases, and has operated continuously since September 29, 1917. Royalties have been paid in accordance with the extension agreement, and have been received by Leoria L. Twist on her own behalf and on behalf of the minors, and by Albert and Jessie personally since they became of age.

In August, 1922, four suits were commenced in the state district court of Tulsa county, Okl., against the defendant Prairie Oil & Gas Company; one by the five children (three of them through their guardian), heirs of William G. Twist, deceased, in which relief was asked against the extension agreement covering the lease belonging to the estate of William G. Twist. The widow, Leoria L. Twist, did not join in the suit, except in her capacity as guardian. The other three suits are by Albert, Jessie, and Edward (by guardian), seeking relief against the extension agreement covering the leases on their individual allotments respectively. These four suits were removed from the state court to the United States District Court for the Eastern District of Oklahoma.

By consent of plaintiffs, they were tried together, with the result that decrees were entered as follows: In the suit by the five heirs, the court found the issues for defendant as to all the plaintiffs, except as to Kuroki and Willie V.; adjudged defendant to be owner of the lease as extended, covering an undivided eleven-fifteenths interest; quieted the title to the same in defendant; adjudged Kuroki and Willie the owners of four-fifteenths interest in the lands covered by the lease, and quieted title in them to the same; adjudged that Kuroki and Willie recover from defendant four-fifteenths net proceeds from oil and gas produced from said lands since September 29, 1919, to April 1, 1923, viz. $6,667.78; and reserved for further consideration the amount produced since April 1, 1923. In each of the three individual suits of Albert, Jessie, and Edward, the court found all the issues in favor of the defendant, dismissed plaintiff's petition for want of equity at his costs, adjudged defendant to be the owner of the lease as extended, covering the allotment in question, and quieted title to the same in defendant. From each of the four decrees thus entered, appeal was taken to this court.

[1] It is necessary to examine the character of the suits in order to determine the proper method of disposing of the appeals. The complaints in the several suits are framed along similar lines, and contain substantially similar allegations. Each complaint sets up two causes of action.

Taking up the complaint in the suit by the five heirs, the first cause of action alleges present ownership of the land by plaintiffs; making of the original lease; purported extension of the lease; invalidity of the purported extension, first, because of fraud, and, second, because of noncompliance with stat-

utory requirements, and, as to Kuroki and Willie, that there was no consideration for the extension and that they had no opportunity to protect their rights; entry and continued possession by defendant constituting trespass; prayer for damages. The second cause of action reasserts the allegations in the first cause of action; alleges that the purported extension of the lease constitutes a cloud on plaintiffs' title; prayer is for declaration as to ownership, cancellation of extension, quieting of plaintiffs' title, and injunction against further trespass or claim by defendant.

It is apparent that the first was a legal cause of action, ejectment, and the second an equitable cause of action, to remove cloud on title. The uniting of the two in the same complaint was allowable under the Oklahoma statute, but is not permissible in the federal court. Hurt v. Hollingsworth, 100 U. S. 100, 25 L. Ed. 569; Bucyrus Co. v. McArthur (D. C.) 219 F. 266, 271; Cherokee Nation v. Kansas Railway Co., 135 U. S. 641, 651, 10 S. Ct. 965, 34 L. Ed. 295; Fletcher v. Burt, 126 F. 619, 63 C. C. A. 201; United States v. Swan, 65 F. 647, 652, 13 C. C. A. 77. When the suits were removed to the federal court, the pleadings should have been redrawn to conform to the federal practice. Foster, Fed. Practice, p. 3061; Hurt v. Hollingsworth, supra; Hatcher v. Hendrie Co., 133 F. 267, 271, 68 C. C. A. 19; Fletcher v. Burt, supra; Perkins v. Hendryx (C. C.) 23 F. 418.

[2] In some cases both causes of action, legal and equitable, may be maintained after removal, but on different sides of the court. In other cases an election may be necessary between the two causes of action. In the case at bar, only the legal cause of action could be maintained in the federal court, so that an election was not feasible.

The equitable cause of action, though perhaps maintainable in the state court (Compiled Oklahoma Statutes 1921, c. 3, art. 14), could not be entertained in the federal court, since there was an adequate remedy at law; the plaintiffs being out of possession and defendant being in possession of the land in question. Whitehead v. Shattuck, 138 U. S. 146, 11 S. Ct. 276, 34 L. Ed. 873; McGuire v. Pensacola Co., 105 F. 677, 44 C. C. A. 670; Gordan v. Jackson (C. C.) 72 F. 86; Wehrman v. Conklin, 155 U. S. 314, 325, 15 S. Ct. 129, 39 L. Ed. 167; Mitchell v. Dowell, 105 U. S. 430, 26 L. Ed. 1142; Frost v. Spitley, 121 U. S. 552, 556, 7 S. Ct. 1129, 30 L. Ed. 1010; Lawson v. United States Mining Co., 207 U. S. 1, 9, 28 S. Ct. 15, 52 L. Ed.

65; Bigelow v. Chatterton, 51 F. 614, 2 C. C. A. 402; Scott v. Bank, 285 F. 832 (this court). The exact question was decided in the case last cited, where this court, speaking by Judge Sanborn, said:

"But, where the defendant is in possession and the plaintiff is out of possession, the latter can test the title and right to the possession and to the profits or damages by an action at law, the defendant, under the Seventh Amendment to the Constitution of the United States, which provides that 'in suits at common law, where the value of the controversy shall exceed $20, the right of trial by jury shall be preserved,' and under section 1244, Comp. Stat. 1918 (section 267, Judicial Code; Rev. Stat. § 723), which provides that 'suits in equity shall not be sustained in either of the courts of the United States in any case where a plain, adequate and complete remedy may be had at law,' is entitled to a trial of its claimed title and right to the possession by a jury in an action at law. As this right to the trial of its title and right of possession rests upon the Constitution and statutes of the United States, the legislation of the state of Oklahoma cannot deprive the defendant of its right in the federal courts, and the rule and practice that a plaintiff out of possession cannot maintain in the federal courts a suit in equity against a defendant in possession of real estate to quiet the title or right of possession thereto has become established and settled beyond controversy."

No attempt was made in the instant cases to redraft the pleadings. The cases were docketed on the equity side of the court, were tried to the court without a jury, "decrees" were entered, and appeals have brought the cases to this court.

[3] Though the practice which was followed in the District Court was irregular, the judgments were not void. Hatcher v. Hendrie Co., 133 F. 267, 68 C. C. A. 19; Ewert v. Robinson (C. C. A.) 289 F. 740, 755, 35 A. L. R. 219. The allegations of the complaint were sufficient to constitute a cause of action at law, to wit, ejectment. It was competent for the parties to try the action to the court without a formal waiver in writing of a jury. The relief afforded was such as could be given in an action at law, except the dismissal of the plaintiff's petition in three of the cases for want of equity. This, however, may be disregarded as surplusage, in view of the other relief granted. The fact that the judgments are called "decrees" is not of vital importance.

[4] Finally, the fact that the defeated

parties have resorted to appeals instead of writs of error, is of no significance in view of the Act of September 6, 1916 (chapter 448, § 4, 39 Stat. 727 [Comp. St. § 1649a]), which reads: "That no court having power to review a judgment or decree rendered or passed by another shall dismiss a writ of error solely because an appeal should have been taken, or dismiss an appeal solely because a writ of error should have been sued out, but when such mistake or error occurs it shall disregard the same and take the action which would be appropriate if the proper appellate procedure had been followed." We conclude, therefore, that this court must take the action which would be appropriate if the proper appellate procedure had been followed; that is, if writs of error had been sued out from judgments entered in law actions tried to the court without a jury, but no formal waiver in writing having been filed.

[5] Considering these cases in that manner, viz. as civil cases at law tried to the court without a waiver of jury as provided by law, it is clear that this court has no jurisdiction to review any question except those which arise on the process, pleadings, or judgments. The assignments of error disclose that claim is made that the court erred (1) in admitting evidence; (2) in excluding evidence; (3) in refusing to enter judgments for plaintiffs; (4) in making findings not supported by the evidence; (5) in refusing to make other findings. None of these assignments can be considered by this court, in view of the form of trial had in the court below. Flanders v. Tweed, 9 Wall. 425, 429, 19 L. Ed. 678; Kearney v. Case, 12 Wall. 275, 20 L. Ed. 395; County of Madison v. Warren, 106 U. S. 622, 2 S. Ct. 86, 27 L. Ed. 311; Bond v. Dustin, 112 U. S. 604, 606, 607, 5 S. Ct. 296, 28 L. Ed. 835; Dundee Co. v. Hughes, 124 U. S. 157, 160, 8 S. Ct. 377, 31 L. Ed. 357; Andes v. Slauson, 130 U. S. 435, 438, 9 S. Ct. 573, 32 L. Ed. 989; Spalding v. Manasse, 131 U. S. 65, 66, 9 S. Ct. 649, 33 L. Ed. 86; Campbell v. United States, 224 U. S. 99, 105, 32 S. Ct. 398, 56 L. Ed. 684; Rush v. Newman, 58 F. 158, 160, 7 C. C. A. 136; Ladd & Tilton Bank v. Lewis A. Hicks Co., 218 F. 310, 134 C. C. A. 106; Wm. Edwards Co. v. La Dow, 230 F. 378, 383, 144 C. C. A. 520; Bowers v. Henry Steers, Inc., 241 F. 377, 378, 154 C. C. A. 257; Ford v. United States, 260 F. 657, 171 C. C. A. 421 (this court); Ford v. Grimmett (C. C. A.) 278 F. 140, 142; St. Louis, etc., Ry. Co. v. Commissioners, 265 F. 524, 528 (this court); City of Cleveland v. Walsh Co. (C. C. A.) 279 F. 57, 61, 63; United States v. National City Bank (C. C. A.) 281 F. 754, 758; National City Bank v. Kimball Bank (C. C. A.) 2 F.(2d) 461, and cases cited.

[6] It is true that the effect of the trial procedure was not raised in the trial court, nor has it been argued here, but it is the duty of this court to take note of it. Bond v. Dustin, supra; Ladd & Tilton Bank v. Lewis A. Hicks Co., supra; St. Louis, etc. Ry. Co. v. Commissioners, supra. The claim of plaintiffs that the extension agreement was procured by fraud, and the claim that the statutory procedure was not followed in obtaining the extension, would both require for their determination an examination and consideration of the evidence; but, for the reasons above stated, such examination and consideration cannot be had in this court.

What has been said relative to the scope of the review in this court on the appeals by the plaintiffs applies equally to the review sought by defendant in its cross appeal as against Kuroki Twist and Willie V. Twist.

The pleadings being sufficient to support the judgments in the several cases, the judgments are affirmed.