### SHIPMAN v. OHIO COAL EXCHANGE.

(Circuit Court of Appeals, Sixth Circuit. November 6, 1895.)

#### No. 297.

1. PRACTICE—STIPULATION TO REFER—REVIEW ON APPEAL.
    The parties to an action at law pending in the United States circuit court stipulated that it should be referred to a special master, who should take and report evidence, with his conclusions of fact and law; that either party might file exceptions to his report, which should be disposed of by the court; and that the rights of the parties should be in all respects as though the action were one within the provisions of section 5222 of the Revised Statutes of Ohio. Held, that such stipulation neither enlarged nor contracted the rights of the parties in respect of the mode or authority of the circuit court of appeals to revise, on writ of error, a judgment of the circuit court, when there was no trial by jury.

2. SAME—WHAT OPEN TO REVIEW.
    Held, further, that the trial, so ordered on stipulation, before a special master, was neither a trial by jury nor by the court, in accordance with Rev. St. § 649, but was a trial by a master sitting as referee or arbitrator; that only rulings and decisions in matter of law, after the award, were reviewable on writ of error; and, to present a question to an appellate court, it was essential that the court trying exceptions to the award should ascertain the facts upon which the judgment excepted to was founded.

3. SAME.
    Held, further, that, upon review of a judgment entered by the court upon review and confirmation of the master's report, the only question open was whether there was any error of law in the judgment so entered upon the facts found by the court.

In Error to the Circuit Court of the United States for the Western Division of the Northern District of Ohio.

This was an action upon an open account, begun in the Lucas county court of common pleas, and removed by the defendant, upon the ground of diversity of citizenship, into the circuit court of the United States. The

account upon which the suit was brought embraced very large transactions, and was for coal sold and delivered to the plaintiff in error, or on his order, to the amount of $272,898.86, and was credited with payments aggregating $265,622.32. The suit was for a balance claimed to be due, of $7,276.48. The defendant, by pleadings authorized by the code practice of Ohio, denied any liability. After issue had been duly made up, a written stipulation was filed, by which the parties agreed that an order should be made referring the issues to a special master, to be appointed by the court, who should take evidence and report same to the court, together with his conclusions of fact and law. It was further provided that either party might file exceptions to this report, to be disposed of by the court, and the report confirmed, modified, or re-referred, and that "the rights of the parties hereto shall in all respects be as though the said action was one within the provisions of section 5222 of the Revised Statutes of Ohio." In compliance with this stipulation, a special master was appointed, and a reference ordered in accordance with the agreement entered of record. A large mass of testimony was taken in writing by this special master, bearing upon the issues submitted, and much documentary evidence received, all of which he reported to the court, together with his special findings of fact and his conclusions of law, upon which he found in favor of the plaintiff for $2,251.56, with interest from February 13, 1888. To the report the defendant filed a number of exceptions, all of which were overruled. The court then confirmed the report, and rendered judgment in favor of the plaintiff for the amount reported due. This judgment concludes with the recital that "to all of which orders and rulings of the court overruling said exceptions of defendant, and giving judgment upon said report, the defendant hereby excepts." This constitutes the only statement of exceptions reserved upon the trial by the court. A bill of exceptions was drawn and allowed, which includes the stipulation for a reference, the report of the special master, including the whole of the evidence filed by him as an exhibit to his report or findings, and the exceptions filed by plaintiff in error to that report. Plaintiff in error then sued out this writ of error, and has assigned as error the action of the court in overruling the several exceptions filed to the report of the special master.

B. A. Hayes, for plaintiff in error.

Julian G. Dickinson and J. H. Hamilton, for defendant in error.

Before TAFT and LURTON, Circuit Judges, and HAMMOND, J.

After stating the foregoing facts, the opinion of the court was delivered by LURTON, Circuit Judge.

The errors assigned do not arise upon the record independently of the bill of exceptions. Unless, therefore, the bill of exceptions has been regularly allowed the grounds assigned for reversal are not open for our consideration. The parties seem to have labored under the opinion that they could obtain a trial of the issues in the mode provided by section 5222, Rev. St. Ohio, and preserve to themselves all the modes of review by an appellate court admissible under the law of Ohio in cases properly within the terms of the section referred to. The statute referred to in the stipulation for a trial by a special master is expressly limited in its application to "actions in which the parties are not entitled to a trial by jury." This action was a plain, simple action at law, and either party was entitled to have a trial by jury. The statute therefore had no application, even if the cause had been tried in the courts of Ohio. The stipulation that the rights of the parties should be "in all respects as though the cause of action was within the provisions of section 5222, Rev. St. Ohio," is unavailing. It neither enlarges nor con-

tracts, the rights of the parties in respect of the mode or authority of this court to revise on writ of error a judgment of the circuit court of the United States where there was no trial by jury. The whole subject of the preparation and allowance of bills of exception and of the granting of appeals or writs of error is independent of state statutes or state practice, and depends upon either the common law or the acts of congress regulating the subject. In re Chateaugay Ore & Iron Co., 128 U. S. 544, 9 Sup. Ct. 150; Andes v. Slauson, 130 U. S. 435, 9 Sup. Ct. 573; Insurance Co. v. Hamilton, 11 C. C. A. 42, 63 Fed. 93.

The trial thus ordered before a special master, on consent of the parties, was neither a trial by jury nor a trial by the court in accordance with section 649, Rev. St. U. S., but was a trial by a master sitting as a referee or arbitrator, under a rule of court, consented to by both parties. The practice of referring suits pending in courts of the United States to a referee or arbitrator, under a rule of court, consented to by the parties, has been sanctioned in a number of instances. Where there has been such a reference, only rulings and decisions in matters of law, after the award, are reviewable on writ of error, and, to present a question to an appellate court, it is essential that the court trying exceptions to the award should ascertain the facts upon which the judgment or opinion excepted to was founded. Railroad Co. v. Myers, 18 How. 246; Heckers v. Fowler, 2 Wall. 123.

The stipulation in this case was not, as is usual, under a rule to submit a pending case to the award of an arbitrator, whose conclusion should be entered as the judgment of the court, but that the parties reserved the right to file exceptions, and that the court might confirm, modify, or re-refer the issues. This was an effort to apply the Ohio practice in regard to a reference of an equitable action to a purely legal action pending in a court of the United States. If we construe the stipulation and its legal effect most favorably to the plaintiff in error, it must be treated as an agreement that the court might review and reconsider, on exceptions, all the findings of law and fact made by the master, and for this purpose might examine and weigh all the evidence reported to the court by the master, and that judgment should then be entered according to the result of this re-examination of the case. Thus considered, the effect of the "confirmation" of the report would enable us to regard the "confirmed" report as "findings of law and fact" by the court. Inasmuch, however, as the stipulation thus construed would not be a submission to the decision of the court without a jury, within the provisions of sections 649, 700, of the Revised Statutes of the United States, the only questions presented upon this writ of error is whether there is any error of law in the judgment of the court upon the facts thus found by the court while sitting, by stipulation, as if a chancellor acting upon exceptions to a master's report in equity. The case thus presented, in its most favorable aspect for the plaintiff in error, is completely governed by Shipman v. Mining Co., 158 U. S. 356, 15 Sup. Ct. 886; Bond v.

Dustin. 112 U. S. 604, 5 Sup. Ct. 296; Paine v. Railroad Co., 118 U. S. 152, 6 Sup. Ct. 1019; and Andes v. Slauson, 130 U. S. 435, 9 Sup. Ct. 573. The submission in Shipman v. Mining Co. was almost identical with that in the case before us. In Paine v. Railroad Co., supra, the submission was, under a Vermont statute, to the judge "as referee." The court treated the findings of fact by the judge sitting as referee as properly brought up by the bill of exceptions, and held that the only question presented by the writ of error was whether there was any error of law in the judgment rendered by the court upon the facts found by the referee. In Andes v. Slauson, cited above, the submission was "to the Hon. A. C. Coxe, at his chambers, without a jury, with the same force and effect as if tried at a circuit term of this court." This stipulation was made the order of the court by consent of the parties, and the cause submitted to Judge Coxe, at chambers, who heard the evidence, and made a general finding in favor of the plaintiff, on which judgment was regularly entered. A bill of exceptions was allowed, setting forth all the evidence heard at the trial, and setting out objections made and overruled during the trial to the admissibility of portions of the plaintiff's evidence. Upon a writ of error to the supreme court, that court, through Mr. Justice Gray, said:

"The right of review is limited to questions of law appearing on the face of the record, and does not extend to matters of fact or of discretion. Questions of law arising upon the trial of an issue of fact cannot be made part of the record by bill of exceptions unless the trial is by jury, or by the court after due waiver in writing of a jury trial; and when the trial is, by rule of court and consent of parties, before a referee or arbitrator, no question of law can be reviewed on error, except whether the facts found by him support the judgment below. In the present case there was no demurrer, or case stated, or special verdict, or finding of facts by the court or by a referee, presenting a pure question of law. But the pleadings presented issues of fact, which, in the legal and regular course of proceeding, could be tried by a jury only, and at a stated term of the court, unless the parties either, in writing, waived a jury, and submitted the case to the court's decision, or else agreed that the case should be tried and determined by a referee. There was no waiver of a jury trial and submission of the determination of all issues of fact to the court. But the case was tried, by consent of the parties, before the judge, at chambers, under an order providing that it should be so tried, and that 'if it shall appear to the judge, upon such trial, that there are questions of fact arising upon the issues therein, of such a character that the judge would submit them to the jury if one were present,' they should be submitted to a jury at the next term of the court; and the only finding of the judge was a general finding for the plaintiff."

In the case before us there were no rulings by the court or master, during the progress of either of the trials, to which exception was taken at the time, and presented by bill of exception. That the facts found by the special master and adopted by the court are sufficient in law to support the judgment rendered by the court has not been disputed, or made the subject of an assignment of error. The real contention of plaintiff in error has been that the evidence submitted to the special master and re-examined by the court, and set out in the bill of exceptions, does not support the conclusions of fact upon which the judgment rests. Being of opin-

ion that the bill of exceptions improperly includes evidence heard on the trial, and that the facts stated in that bill of exceptions cannot be regarded on error in this court, we must affirm the judgment.