WM. EDWARDS CO. v. LA DOW. TRACY & AVERY CO. v. SAME.
ALBERT F. REMY CO. v. SAME.

(Circuit Court of Appeals, Sixth Circuit. March 7, 1916.)

Nos. 2802, 2804, 2806.

1. APPEAL AND ERROR ⬡4—PROPER MODE OF REVIEW—APPEAL OR WRIT OF ERROR—"ACTION AT LAW."

Actions by a trustee in bankruptcy to recover alleged preferential payments were actions at law, and properly so brought, and review could be had only upon writ of error, and not by appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 8–11, 16, 20; Dec. Dig. ⬡4.

For other definitions, see Words and Phrases, First and Second Series, Action at Law.]

2. JURY ⬡14(2)—RIGHT TO JURY TRIAL.

In actions by a trustee in bankruptcy to recover alleged preferential payments, defendants had a right to a jury trial, and a reference was unauthorized, unless such right was either expressly or impliedly waived.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 67; Dec. Dig. ⬡14(2).]

3. APPEAL AND ERROR ⬡924—RECORD—ASSUMPTIONS.

Where, in actions at law, an order of reference to a master commissioner did not show affirmatively that defendants were present when it was made, or expressly assented thereto; and the record threw no light on the subject, it would be assumed that they were not present, or, if present, did not assent expressly or by implication.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2899, 3726, 3727; Dec. Dig. ⬡924.]

4. JURY ⬡28(10)—RIGHT TO JURY TRIAL—WAIVER.

Where a defendant, who did not assent to a reference, expressly objected on the hearing before the master to the consideration of the cause by the master, and insisted upon its right to have the cause tried by a jury, and on the hearing on exceptions to the master's report appeared only to protest the jurisdiction of the court, it did not waive its right to a jury trial by failing to take formal exceptions to the order of reference.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 185; Dec. Dig. ⬡28(10).]

⬡For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**5.** EQUITY ⬥403—ORDER OF REFERENCE—SCOPE OF REVIEW BY COURT.

An order referring an action to a master commissioner thereby appointed to take testimony, hear the cause, and report all the matter and findings therein to the court for further proceedings, contemplated a finding by the master upon the facts and the law, with the right reserved to the parties to file exceptions thereto, and with power in the court to review and reconsider on such exceptions all the findings of law and of fact, and for that purpose to examine and weigh the evidence, and enter judgment according to the result of such re-examination.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 875–878; Dec. Dig. ⬥403.]

**6.** JURY ⬥25(2)—RIGHT TO JURY TRIAL—WAIVER.

Notwithstanding Rev. St. § 649 (Comp. St. 1913, § 1587), providing that issues of fact in civil cases may be tried by the court without a jury whenever the parties file a stipulation in writing waiving a jury, parties are presumed to have waived a jury, even in the absence of a written stipulation, when they were present at the trial in person or by counsel and made no demand for a jury, as that section was designed to enable the parties to make agreements in vacation, and to prevent either party demanding a jury unexpectedly at the trial.

[Ed. Note.—For other cases, see Jury, Cent. Dig. §§ 155, 156; Dec. Dig. ⬥25(2).]

**7.** JURY ⬥11(3)—RIGHT TO JURY TRIAL—STATUTORY PROVISIONS.

Rev. St. § 566 (Comp. St. 1913, § 1583), requiring that actions at law in the District Courts be tried by jury, has no application to the District Courts as now organized.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 21; Dec. Dig. ⬥11(3).]

**8.** JURY ⬥28(10)—RIGHT TO JURY TRIAL—WAIVER.

Defendants, who attended proceedings under a reference, both before the master and before the District Court on exceptions to the master's report, without objection or protest, waived their right to a jury trial, especially where another defendant protested, and insisted upon its right to a jury trial, but the defendants in question remained silent and did not join in such protest.

[Ed. Note.—For other cases, see Jury, Cent. Dig. § 185; Dec. Dig. ⬥28(10).]

**9.** APPEAL AND ERROR ⬥1008(2)—FEDERAL COURT—SCOPE OF REVIEW—TRIAL WITHOUT A JURY.

Rev. St. § 649 (Comp. St. 1913, § 1587), provides that issues of fact may be tried by the court without a jury whenever the parties file a stipulation in writing waiving a jury. Section 700 (Comp. St. 1913, § 1668) provides that, when an issue of fact in a civil case is tried and determined by the court without a jury according to section 649, the rulings of the court in the progress of the trial may be reviewed on writ of error or appeal, and that when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment. *Held* that, where a jury trial is waived orally or by personal attendance upon the trial without objection, and without the filing of written stipulation, rulings of the court upon the trial are not reviewable, and where parties waived a jury trial by attending proceedings under a reference without objection or protest, the only question reviewable was whether the facts found by the District Court sustained the judgment entered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3957, 3964; Dec. Dig. ⬥1008(2).]

⬥For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

10. APPEAL AND ERROR ☞750(4)—ASSIGNMENT OF ERROR—MATTERS REVIEWABLE.

In an action by a trustee in bankruptcy to recover alleged preferential payments made prior to the amendment of 1910 (Act July 1, 1898, c. 541, 30 Stat. 544, as amended by Act June 25, 1910, c. 412, 36 Stat. 838), an assignment of error that the judgment was not sustained by the evidence and was against the evidence did not raise the objection that there was no finding that the bankrupt intended a preference.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3079; Dec. Dig. ☞750(4).]

11. APPEAL AND ERROR ☞753(1)—FEDERAL COURTS—ASSIGNMENT OF ERROR—MATTERS REVIEWABLE.

Rule No. 11 of the Sixth Circuit (150 Fed. xxvii, 79 C. C. A. xxvii) requires the filing of assignments of error, and provides that errors not assigned according to that rule will be disregarded, but that the court at its option may notice a plain error not assigned. In an action by a trustee in bankruptcy to recover alleged preferential payments made prior to the amendment of 1910, the judgment contained a finding that the bankrupt was hopelessly insolvent at the time of the preferential payments, and the opinion of the District Court stated that the evidence left little doubt but that the transaction was on the part of the bankrupt in conscious fraud of his creditors, and that it operated as a great fraud on other creditors, as well as a preference for the defendants. *Held* that, though there was no express finding that the bankrupt intended to give a preference, the court would not exercise its option as to considering a plain error not assigned, as such express finding would naturally and presumably have been made, had attention been called to the fact that the alleged preference antedated the amendment of 1910.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3086, 3087; Dec. Dig. ☞753(1).]

In Error to the District Court of the United States for the Northern District of Ohio; John M. Killits, Judge.

Three actions by Jesse E. La Dow, trustee in bankruptcy of F. H. Miller, against the Wm. Edwards Company, against the Tracy & Avery Company, and against the Albert F. Remy Company. Judgments for plaintiff (221 Fed. 471), and defendants bring error. Appeals dismissed, judgment in the first mentioned action reversed, and cause remanded, and judgments in the other two actions affirmed.

Klein & Harris, of Cleveland, Ohio, and Mabee & Anderson, of Shelby, Ohio, for plaintiff in error Wm. Edwards Co.

John H. Coss, of Mansfield, Ohio, and Mabee & Anderson, of Shelby, Ohio, for plaintiff in error Tracy & Avery Co.

C. H. Huston, of Mansfield, Ohio, and Mabee & Anderson, of Shelby, Ohio, for plaintiff in error Albert F. Remy Co.

Louis D. Barr and Van C. Cook, both of Mansfield, Ohio, for defendant in error.

Before KNAPPEN and DENISON, Circuit Judges, and SATER, District Judge.

KNAPPEN, Circuit Judge. [1] These actions are separate suits at law brought each against one of the plaintiffs in error to recover alleged preferential cash payments. The court referred the causes to a master commissioner to take testimony and report. The commissioner

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

(who heard the cases together) reported in favor of the plaintiffs in error. Upon exceptions taken by the trustee, the district court reversed the master commissioner and entered judgment in favor of the trustee against the respective plaintiffs in error. The cases are brought here both by writ of error and by appeal, and have been heard together. As the causes are clearly at law, and were properly so brought (Stearns Salt & Lumber Co. v. Hammond [C. C. A. 6] 217 Fed. 559, 133 C. C. A. 411), review can be had only upon writ of error. The appeals are accordingly dismissed.

At the threshold we are met by the contention of plaintiffs in error that the court below had no jurisdiction to refer the cases to the master commissioner, or to take further proceedings therein, for the reason that the order of reference was made without their consent and without waiver of trial by jury.

[2, 3] Defendants had an undoubted right to have the suits against them tried by jury, and unless such right has been either expressly or impliedly waived the reference of the cases to the master was unauthorized; for the order of reference to the master does not show affirmatively that either of the defendants was present when the order was made or expressly assented thereto, and the record itself throws no further light on the subject. We therefore think we should assume that such presence was not had, or, if had, assent not given either expressly or by implication.

[4] Upon the hearing before the master the Edwards Company expressly objected to the consideration of the cause by the master, and insisted "upon its rights to have the cause tried by a jury in the manner usual in such cases"; and the judgment entry in the District Court, upon the hearing of the trustee's exceptions to the master's report, recites defendant's appearance "by counsel only to protest the jurisdiction of the court, which said protest the court overruled."

In our opinion the Edwards Company not only seasonably asserted its right to a jury trial, but, so far as the record shows, has done nothing amounting to a waiver; for we think it clear that it waived no rights by failing to take formal exceptions to the order of reference previously made; and it participated in the proceedings before the master only under protest, and upon the hearing before the court apparently not at all. We are therefore constrained to reverse the judgment in No. 2802, and to remand the record for further proceedings.

As to the other defendants the situation is materially different. Both appeared before the master and participated in the trial without protest or objection of any kind to his jurisdiction. They also appeared by counsel before the District Court on the hearing of the trustee's exceptions to the master's report and participated therein. So far as the record shows, neither made any objection or protest of any kind to the reference and proceedings thereunder until after the reversal of the master's judgment by the court, and the entry of judgment accordingly.

The ultimate questions are, first, whether such appearance and participation without objection in the proceedings both before the master and the court amounted to a waiver of the right to trial by jury under

section 649 of the Revised Statutes (Comp. St. 1913, § 1587), which authorizes a trial without a jury "whenever the parties, or their attorneys of record file with the clerk a stipulation in writing waiving a jury"; and, second, the extent to which the proceedings are reviewable. The provisions of this section are by section 291 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1167 [Comp. St. 1913, § 1268]) made applicable to the District Court. Eastern Oil Co. v. Holcomb (C. C. A. 8) 212 Fed. 126, 128, 128 C. C. A. 642; Nashville Interurban Ry. Co. v. Barnum (C. C. A. 2) 212 Fed. 634, 638, 129 C. C. A. 170; Philadelphia Casualty Co. v. Fechheimer (C. C. A. 6) 220 Fed. 401, 405, 136 C. C. A. 25.

The order referring the causes to the master commissioner is printed in the margin.[1]

[5-7] The meaning and effect of this order are important. We think it contemplated a finding of the master upon the facts and the law, with the right reserved to the parties to file exceptions thereto, and with power in the court to review and reconsider on such exceptions all the findings of law and of fact made by the master, and for this purpose to examine and weigh the evidence reported to the court by the master, and to enter judgment according to the result of such reexamination. Shipman v. Ohio Coal Exchange (C. C. A. 6) 70 Fed. 652, 654, 17 C. C. A. 313. Notwithstanding section 649 provides for waiving a trial by jury only by stipulation in writing, it would have been entirely competent for the parties to consent to be bound by the order of reference made by oral agreement in open court. Dundee Mortgage, etc., Co. v. Hughes, 124 U. S. 157, 160, 8 Sup. Ct. 377, 31 L. Ed. 357. The language of the section relating to the filing of stipulation with the clerk of the court was designed merely to enable the parties to make agreements in vacation, and to prevent either party demanding a jury unexpectedly at the trial. Kearney v. Case, 12 Wall. 275, 283, 284, 20 L. Ed. 395. It is the general and well-settled rule that parties are presumed to have waived a jury, even in the absence of written stipulation, whenever it appears that they were present at the trial in person or by counsel and made no demand for a jury (Kearney v. Case, supra; Gilman v. Ill. & Miss. Tel. Co., 91 U. S. 603, 614, 23 L. Ed. 405; United States v. Harris, 106 U. S. 629, 635, 1 Sup. Ct. 601, 27 L. Ed. 900; Perego v. Dodge, 163 U. S. 160, 166, 16 Sup. Ct. 971, 41 L. Ed. 113); for section 566 of the Revised Statutes (Comp. St. 1913, § 1583), requiring that actions at law in the District Courts

[1] "This cause coming on for hearing upon the motion of the plaintiff for a reinstatement of said cause, and the court being fully advised in the premises, do grant the same, and it is ordered that this cause be reinstated on the docket of this court. This cause coming on further to be heard upon the motion of the plaintiff for an order of the court referring the same to a master commissioner, and the court being fully advised in the premises and for good cause shown, do sustain said motion; it is therefore ordered that this cause be referred to L. H. Bean, who is hereby appointed for that purpose, and who shall forthwith upon being duly qualified, proceed to take testimony and hear said cause, and report all the matter and findings therein to this court for further proceedings."

be tried by jury, has no application to the District Courts as now organized.

[8] If, as we have seen, it would have been competent for plaintiffs in error to have waived the right to trial by jury, by consenting in open court to the original making of the order of reference, it was equally competent for them to so consent by attending the proceedings under the reference, both before the master and the district court, without objection or protest. The very fact that the Edwards Company made protest before both tribunals emphasizes the presumption of consent and acquiescence from the silence of the other two plaintiffs in error, presumably present when such protest was made. We think parties should not be permitted to play fast and loose with the court, to speculate upon the chances of a favorable decision under the reference, and after final decision against them for the first time question the jurisdiction of the court to so act. We think the Tracy & Avery and Remy Companies must be held to have waived the right to a jury trial.

[9] As to the scope of this review: While it is competent for the parties to waive the right to jury trial otherwise than by stipulation in writing, where such waiver is effected either by express oral consent or by personal attendance upon the trial without objection, yet where such waiver is accomplished without the filing of written stipulation, rulings of the court upon the trial are not reviewable. Kearney v. Case, supra; Gilman v. Ill. & Miss. Tel. Co., supra; Dundee Mortgage, etc., Co. v. Hughes, supra; Ladd & Tilden Bank v. Lewis A. Hicks Co. (C. C. A. 9) 218 Fed. 310, 314, 134 C. C. A. 106. In this case, as the waiver of jury trial was not a submission to the decision of the court without a jury within the provisions of sections 649 and 700 of the Revised Statutes of the United States (Comp. St. 1913, §§ 1587, 1668), but amounted to a consent that the case be disposed of as a reference, and with only the rights reserved to the parties which we have previously stated, the only question open to our consideration upon writ of error is whether the facts found by the District Court sustain the judgment entered. Shipman v. Ohio Coal Exchange, supra, at page 654 of 70 Fed., 17 C. C. A. 313; Shipman v. Straitsville Mining Co., 158 U. S. 356, 361, 15 Sup. Ct. 886, 39 L. Ed. 1015. The case differs from Philadelphia Casualty Co. v. Fechheimer, supra, in that there a jury was expressly waived by written stipulation.

The findings of the court in each of the three cases as incorporated in the respective judgments, are printed in the margin of this opinion.[2]

[2] "That on the 4th day of January, 1910, and for months prior thereto, said F. H. Miller was hopelessly insolvent, and that defendant in the exercise of ordinary care and prudence, was charged with such knowledge of insolvency at the date of the sale of the assets of said F. H. Miller, to wit, January 4, 1910, and prior thereto; and that while so insolvent said bankrupt paid to defendant, and defendant received and accepted of said bankrupt the sum of $—— on said date in payment of its claim, which payment was a preference to the exclusion of other creditors of the same class, and contrary to the provisions of law; and that the defendant —— is hereby indebted to the plaintiff, Jesse E. La Dow, trustee, in the sum of $——, inclusive of interest at 6 per cent. to February 4, 1915."

The language of the judgment is as follows:

"It is therefore considered and adjudged and ordered that plaintiff, Jesse E. La Dow, trustee, recover from the defendant, ———, said sum of $———, together with interest at the rate of 6 per cent. per annum from February 4, 1915, and also his costs taxed at $———, and the defendant pay its own costs taxed at $———, for which judgment and costs execution is awarded unless payment be made to him on or before March 20, 1915. To all of which rulings, judgment and order defendant at the time excepted.

[10, 11] Treating the findings contained in the judgment entry as the findings of fact contemplated by the rule above stated, they are seen to lack an express finding that the bankrupt intended to give a preference, which intention before the amendment of 1910, was necessary to its invalidity (Kimmerle v. Farr [C. C. A. 6] 189 Fed. 295, 299, 111 C. C. A. 27); and the transaction here in question (as well as, in fact, the bankruptcy) occurred before the amendment of 1910 was effective. But there is no assignment of error directed to the proposition that the facts found do not support the judgment. The nearest approach is assignment No. 7, [3] which plainly is not addressed to the proposition we are considering, and we do not feel it our duty to exercise the option given by our rule No. 11 (150 Fed. xxvii, 79 C. C. A. xxvii) to consider "a plain error not assigned." The judgment entry contains an express finding that the bankrupt "was hopelessly insolvent" at the time of the preferential transaction in question, and the court's opinion contains the statement that "the evidence leaves the court in little doubt but that the transaction was on the part of the bankrupt in conscious fraud of his creditors. That it operated as a great fraud on other creditors as well as a preference for the three who got paid their accounts in full, there is likewise no doubt." In view of these two statements in findings and opinion respectively, an express finding of intent on the debtor's part to create a preference would naturally and presumably have been made had attention been called to the fact that the alleged preference antedated the amendment of 1910.

The judgments in Nos. 2804 and 2806 are affirmed with costs; the judgment in No. 2802 is reversed with costs, and the cause remanded for further proceedings not inconsistent with this opinion.

[3] "(7) The judgment of the court is not sustained by the evidence and is against the weight of all the evidence."